UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAMON DELAROSA,

                            Plaintiff,
                                                                    6:13-CV-1492
v.                                                                        (DNH/TWD)

TOKO SERITA, CHRISTOPHER WHITEHAIR,
ALISON ANDREWS,

                            Defendants.
_____

APPEARANCES:                                                         OF COUNSEL:

RAMON DELAROSA, 11-R-1143
Plaintiff pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this pro se complaint together with two applications to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1, 2, and 5.) For the reasons discussed below, I grant Plaintiff's second *in forma pauperis* application (Dkt. No. 5), deny the first *in forma pauperis* application (Dkt. No. 2) as moot, and recommend that the action be dismissed without leave to amend.

### I.    ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he was arraigned on a felony complaint on December 17, 2009, in Queens County. (Dkt. No. 1 at 4.) Plaintiff was held on bail and the case was adjourned to

December 30, 2009.  *Id.*  Plaintiff waived his right to speedy trial until January 13, 2010.  *Id.*
Plaintiff alleges that this was not a knowing waiver because his knowledge of English is limited
and he was not provided with a translator.  *Id.* at 4-5.  Plaintiff alleges that Defendants
Christopher Whitehair (a defense attorney), Allison Andrews (a prosecutor), and Toko Serita (a
judge) conspired to deprive him of his right to due process and coerced him into pleading guilty.
*Id.* at 1-2, 5-6.  Plaintiff requests that the criminal charges against him be dismissed and
expunged from his record.  *Id.* at 8.  Plaintiff also requests ten million dollars in damages.  *Id.*

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*.  (Dkt. No. 5.)  A court may grant *in
forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action.
28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiff's *in forma pauperis* application (Dkt.
No. 7), I find that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in
forma pauperis* is granted.[1]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the
court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is
frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks
monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)
(2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter*

---

[1]     Plaintiff should note that although the application to proceed *in forma pauperis*
has been granted, Plaintiff will still be required to pay fees that he may incur in this action,
including copying and/or witness fees.

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

3

## IV. ANALYSIS

### A. Claim Against Defendant Whitehair

Plaintiff asserts a claim against Defendant Whitehair, his criminal defense attorney, under 42 U.S.C. § 1983 (2012). (Dkt. No. 1 at 1-2.) Section 1983 permits a person to recover damages for the deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983 (2012). It is well established that criminal defense attorneys, whether private or court-appointed, are not state actors for the purposes of § 1983. *See Housand v. Heiman*, 594 F.2d 923 (2d Cir. 1979); *Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997); *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003).[2] Because of this lack of state action, Plaintiff's claim against his criminal defense attorney is not cognizable under § 1983. Therefore, I recommend that the Court dismiss Plaintiff's claim against Defendant Whitehair.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, better pleading would not cure the defect with Plaintiff's claim against Defendant Whitehair. Therefore, I recommend that the

---

[2] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

4

Court dismiss the claim without leave to amend.

### B. Claim Against Defendant Andrews

Plaintiff lists Allison Andrews, a prosecutor, as a Defendant. (Dkt. No. 1 at 2.) "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case. . . ." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (punctuation and citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). This immunity applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." *Pinaud,* 52 F.3d at 1147 (punctuation and citations omitted). Here, Plaintiff's claim against Defendant Andrews involves a criminal prosecution against Plaintiff. Therefore, I recommend that the Court dismiss the claim against Defendant Andrews without leave to amend.

### C. Claims Against Defendant Serita

Plaintiff names Toko Serita, a criminal court judge, as a Defendant. (Dkt. No. 1 at 1.) Plaintiff's claim against Defendant Serita is barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)

(citing *Pierson*, 386 U.S. at 553-554).  Judicial immunity is immunity from suit, not just immunity from the assessment of damages.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Here, the complaint involves Defendant Serita's exercise of his judicial function.  Therefore, I recommend that the Court dismiss the claim against Defendant Serita without leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the second application to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the first application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003); and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: December 20, 2013
      Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge